IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KERRI ELLEN HINGLE                                                                                              PLAINTIFF

V.                                                     NO. 15-5127

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kerri Ellen Hingle, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 27, 2012, alleging an inability to work since February 15, 2012, due to bipolar disorder, depression, fibromyalgia, neuropathy, bursitis, HPV pre cervical cancer, inflammation of the colon, social anxiety disorder, and anger problems. (Doc. 13, pgs. 180-188, 206, 220). An administrative hearing was held on September 26, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 13, pgs. 34-52).

By written decision dated November 5, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – obesity, fibromyalgia, post-traumatic stress disorder, and depressive disorder with anxiety. (Doc. 13, p. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 13, p. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to perform work that is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public.

(Doc. 13, p. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but there were other jobs she would be able to perform, such as machine tender and housekeeper. (Doc. 13, p. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 26, 2015. (Doc. 13, pgs. 5-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);   20 C.F.R. §§404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.  Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating physician; 2) Whether the ALJ erred in his evaluation of the opinion of Dr. Catherine Adams; and 3) Whether the ALJ erred in failing to inquire whether the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT). (Doc. 11).

### A.  Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5)

4

functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 13, p. 23). He discussed her activities of daily living, and the fact that she could tend to her personal needs with no assistance, care for her pets, prepare her own meals daily, clean her house every three days to once a week, mow the yard once every other month, shop in stores for food every week, and spend time with others. (Doc. 13, p. 23). He also noted that on November 24, 2012, Plaintiff was treated in the emergency department for shoulder pain that started after she shoveled leaves and threw a football. (Doc. 13, p. 23). The ALJ further observed that no physician placed any functional restrictions on her activities that would preclude work activity with the previously mentioned restrictions. (Doc. 13, p. 23). The Court also notes that the ALJ correctly stated that Plaintiff had been non-compliant at times with her medication. (Doc. 13, pgs. 123-24, 299, 393, 715). The ALJ also discussed the fact that Plaintiff cited lack of resources as the reason she was not currently seeking treatment. However, Plaintiff was somehow able to afford to smoke cigarettes, up to 1 pack per day, and although doctors encouraged her to quit, she was not interested in doing so. This also discredits her disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir.

2003). Plaintiff also admitted to marijuana use on July 21, 2013. (Doc. 13 at 676). In addition, in a report dated April 5, 2013, Dr. Carlos Acosta, Plaintiff's treating physician, noted that Plaintiff saw Dr. Brown, and that in his notes, it was reported that there was no plausible neurological explanation for Plaintiff's collection of symptoms, and he would consider the possibility of malingering. (Doc. 13, p. 714).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B.     RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-

MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id.   "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

### 1. Weight Given to Plaintiff's Treating Physician's Opinion:

Plaintiff argues the ALJ erred by giving "little weight" to the opinion of Dr. Ornette Gaines, who completed a Physical RFC Questionnaire on September 5, 2013. (Doc. 13, p. 404). In the questionnaire, Dr. Gaines indicated he had seen Plaintiff twice in one month. (Doc. 13. P. 404). Dr. Gaines opined that Plaintiff would constantly have pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks; was incapable of even "low stress" jobs; that Plaintiff's mood disorder and social anxiety interfered and impaired her ability to function/work; that she could rarely twist, stoop, crouch, squat, climb ladders, and stairs; she was likely to be absent

7

from work about two days per month; she could never lift 50 pounds; rarely lift 20 pounds; occasionally lift 10 pounds; and frequently lift less than 10 pounds. (Doc. 13, pgs. 405-407).

In his decision, the ALJ discussed Dr. Gaines' opinion, and noted that a treating physician's opinion could be discounted because the "check-off form" did not cite to any supporting clinical test results or findings, and the physicians' previous treatment notes did not record any significant limitations due to back pain. The ALJ gave Dr. Gaines' opinion little weight, because he reported he based his findings on two examinations of Plaintiff in one month, and that the record did not indicate that Dr. Gaines recommended any physical limitations. In fact, his notes indicated he encouraged Plaintiff to exercise and quit smoking. (Doc. 13, p. 25). In addition, the ALJ had before him the Physical RFC Assessment of non-examining consultant, Dr. Valerie Malak, who found Plaintiff could perform light work with no additional limitations. (Doc. 13, p. 62). This assessment was affirmed by non-examining consultant, Dr. Jerry Thomas, on December 11, 2012. (Doc. 13, p. 95). The ALJ gave the state agency physicians' opinions great weight, as they supported the medical evidence submitted at the initial and hearing levels. (Doc. 13, p. 22).

Based upon the foregoing, the Court finds there is substantial evidence to support the weight the ALJ gave to Dr. Gaines' opinion.

### 2. Weight Given to Dr. Catherine Adams' Opinion:

Plaintiff argues the ALJ failed to evaluate the opinion of Dr. Catherine Adams in accordance with applicable law. In his decision, the ALJ discussed Dr. Adams' evaluation at length, and concluded as follows:

> The undersigned considered the opinion of Dr. Adams. The undersigned finds her opinion is supported by the objective medical evidence of record and her examination of the claimant. (See Exhibits 1-4F, 9-10F and 12-19F).

8

> Therefore, the undersigned has considered her findings in assessing the claimant's residual functional capacity.

(Doc. 13 at 24-25).

In her evaluation, Dr. Adams reported that Dr. Acosta prescribed Cymbalta for Plaintiff, and that she had no side effects. (Doc. 13, p. 366). Plaintiff had taken the Cymbalta for only two weeks, but reported she did not feel like it was helpful. Plaintiff reported no assistance was needed with activities of daily living except grocery shopping. (Doc. 13, p. 367). Dr. Adams diagnosed Plaintiff with post-traumatic stress disorder, and assigned her a GAF score of 50. (Doc. 13, p. 368). Dr. Adams concluded that Plaintiff's difficulties interfered with age-appropriate daily functioning, such as interpersonal relationships, psychological self-care, and leaving her home at certain times of the day; that her interactions during the interview were socially appropriate; that she communicated in a manner that was effective and intelligible; that she seemed to have difficulty coping with work-type demands and seemed to be sort of a "loose cannon" when she perceived threat, which was rather unpredictable; that she seemed to have little difficulty attending and sustaining concentration on basic tasks; that she seemed to have little difficulty sustaining persistence in completing work tasks at times and at other times, was overly persistent on tasks, which depended upon her mood and motivation for the day; and that she seemed to have difficulty completing tasks within an acceptable timeframe due to difficulties with persistence. (Doc. 13, p. 369).

Dr. Adams is neither a treating source nor a non-examining source, but is a consultative examiner, meaning that she has examined the claimant on at least one occasion. The weight to be given to her opinion is determined by the factors listed under 20 C.F.R. §404.1527(c). <u>Comstock v. Astrue</u>, 923 F.Supp. 2d 1142, 1156 (N.D. Iowa 2013). The ALJ is not required to give reasons for the weight given to Dr. Adams' opinion, because she is not

9

a treating source. Id.  In his RFC determination, the ALJ included limitations of unskilled work, stating that  "claimant is able to perform work that is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public." Even though the ALJ did not indicate what weight he was giving Dr. Adam's opinion, he clearly considered it. "The ALJ is not required to rely on one doctor's opinion entirely or chose [sic] between the opinions." House v. Colvin, No. 4:13 CV 2301 DDN, 2015 WL 1189812 at *10 (E.D. Mo. Mar. 16, 2015)(citing Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). In addition, "where an ALJ specifically references the findings of a medical source, it is 'highly unlikely' that the ALJ did not consider and reject aspects of the sources opinion which the ALJ did not specifically mention." Loggins v. Colvin, No. 4:14CV 1362NCC, 2015 WL 3533766 at *12 (E.D. Mo. June 4, 2015)(citing Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010).

Finally, the ALJ had before him the Psychiatric Review Technique Form and Mental RFC Assessment completed by Cheryl Woodson-Johnson, and the Physical RFC Assessment forms completed by Dr. Malak and Dr. Thomas. The ALJ gave their opinions great weight, because he found their findings were supported by the medical evidence submitted at the initial and hearing levels. (Doc. 13, p. 22).

Based upon the foregoing, and considering the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the opinions of Dr. Gaines and Dr. Adams.

**IV.    Hypothetical Question to VE:**

Plaintiff argues that the ALJ failed to inquire whether the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT). In his decision, the ALJ reported that he determined that the VE's testimony was consistent with the information contained in the DOT. However, at the hearing, the ALJ did not ask the VE whether his testimony was consistent with the DOT.

Plaintiff fails to point to any conflict between the VE's testimony and the DOT, and if no conflict actually exists, his failure to do so is harmless error. See Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007); Howes v. Colvin, No. C14-4067-MWB, 2015 WL 5011973 at *9 (N.D. Iowa Aug. 24, 2015). Plaintiff has not shown that any conflict exists. Therefore, the ALJ's failure to inquire is harmless error.

## V.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 3rd day of August, 2016.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE